IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| NETTISIA MITCHELL, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) CASE NO. 2:23-cv-15-RAH |
| | ) [WO] |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

On January 9, 2023, Movant Nettisia Mitchell filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (Doc. 1.) Mitchell seeks relief from the 120-month sentence imposed by the undersigned on September 9, 2022, following Mitchell's pleading guilty to one count of conspiracy to commit sex trafficking by force, fraud, or coercion in violation of 18 U.S.C. § 1594. (Doc. 266 in *United States v. Nettisia Mitchell*, 2:21-cr-344-RAH-2 (M.D. Ala.).)

Now pending before the Court is Mitchell's Motion to Recuse Assigned Judge. (Doc. 3.) Mitchell argues that the undersigned should recuse from this action because of biased statements the undersigned purportedly made during proceedings in Mitchell's criminal case. For the reasons explained below, the motion is due to be denied.

## II.  LEGAL STANDARD

Mitchell does not invoke a specific rule or statute in requesting the undersigned's recusal.  However, 28 U.S.C. § 455(a) sets forth the "general rule" that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  *Hamm v. Members of Bd. of Regents*, 708 F.2d 647, 651 (11th Cir. 1983) (quoting 28 U.S.C. § 455(a)).  Section 455(a) "embodies an objective standard" for determining whether recusal is warranted.  *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988).  "The test is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality."  *Id.*

"[J]udicial remarks during the course of [proceedings] that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge."  *Liteky v. United States*, 510 U.S. 540, 555 (1994).  Judicial remarks will support recusal "if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible."  *Id.*; *see also Hamm*, 708 F.2d at 651 (explaining that recusal may be warranted where "a judge's remarks in a judicial context demonstrate such pervasive bias and prejudice that it constitutes bias against a party").  "*Not* establishing bias or partiality, however, are

expressions of impatience, dissatisfaction, annoyance, and even anger . . . ." *Liteky*, 510 U.S. at 555–56.

### III.  DISCUSSION

Mitchell contends that the undersigned should recuse from this action because the undersigned made "disturbing" and biased statements about her on multiple occasions during pre-sentencing and sentencing proceedings in her criminal case. (Doc. 3 at 1.) According to Mitchell, the undersigned's statements were biased and "judged off his personal feelings as opposed to the facts presented and the law." (*Id.*) However, Mitchell does not identify any specific comments that she contends reflect bias, nor does she provide any additional detail about the nature of the comments about which she complains. Thus, the undersigned is left to speculate about what comments form the basis of Mitchell's argument that the undersigned is biased.

The undersigned has reviewed the transcripts of a motion hearing as well as Mitchell's sentencing hearing in her criminal case. The undersigned discerns no comments from which a fully informed, objective observer would conclude that the undersigned demonstrated pervasive bias or prejudice, or that the undersigned held such a high degree of antagonism towards Mitchell as to make fair judgment impossible.

To the extent Mitchell complains about comments the undersigned made before stating Mitchell's sentence,[1] the undersigned finds that such comments do not warrant recusal. At the time of her sentencing, Mitchell requested that the Court accept her plea agreement, in which she pleaded guilty to conspiracy to commit sex trafficking. The plea agreement contained a Factual Basis in which she agreed that certain facts were true regarding her involvement in the offense. Similarly, the Presentence Investigation Report prepared by United States Probation contained factual statements regarding Mitchell's involvement in the offense, to which Mitchell presented no objections. Although the undersigned's remarks during sentencing could be characterized as "critical or disapproving of" Mitchell, they were based on the un-objected-to facts presented at the sentencing hearing, and in any event the remarks fall short of demonstrating the high degree of antagonism required to support recusal. *See Daker v. Deal*, No. 1:18-CV-5243-WMR, 2020 WL 5792472, at *2 (N.D. Ga. Aug. 4, 2020) ("[The plaintiff]'s actions are troublesome

---

[1] Before stating Mitchell's sentence, the undersigned stated as follows:

> It goes without saying that I'm very troubled with what was going on. This is — lives were changed permanently. They were running girls, running drugs. It seems to be your household involving your brother, you included, were an epicenter of what was going on here in the area in terms of sex trafficking and a significant amount of drugs that were moving around. We're only here for the sex trafficking aspect. But I've taken the whole picture into account as to the appropriate sentence to be imposed in the case.

(Doc. 302 at 18 in *United States v. Nettisia Mitchell*, 2:21-cr-344-RAH-2 (M.D. Ala.).)

4

and annoying, but the fact that this Court holds those opinions are not proper grounds for recusal."), *aff'd sub nom. Daker v. Governor of Ga.*, No. 20-13602, 2022 WL 1102015 (11th Cir. Apr. 13, 2022)[2]; *cf. Liteky*, 510 U.S. at 555 (explaining that the district court's comment—"'One must have a very judicial mind, indeed, not [to be] prejudiced against the German Americans' because their 'hearts are reeking with disloyalty'"—in a World War I espionage case against German–American defendants supported recusal (alteration in original) (citation omitted)). Consequently, the undersigned concludes that recusal is not warranted.

## IV.  CONCLUSION

For the reasons stated, Mitchell's Motion to Recuse (Doc. 3) is DENIED.

**DONE,** on this the 20th day of January, 2023.

                              /s/ R. Austin Huffaker, Jr.
                             R. AUSTIN HUFFAKER, JR.
                             UNITED STATES DISTRICT JUDGE

---

[2] While the Court acknowledges that *Daker* is nonbinding, the Court finds its analysis persuasive.